[No. 2575. Decided January 3, 1898.]

# The Seattle Trust Company, *Appellant*, v. Lee J. Pitner, *Respondent*.

CORPORATIONS — NOTE GIVEN FOR STOCK SUBSCRIPTIONS — INTEREST — DIVIDENDS FROM NET PROFITS — COMPUTATION BY COURT.

Interest is not chargeable upon a promissory note given in payment of a stock subscription, although payment is not made until after the date named in the note, if there is no contract to pay interest and no call for the payment of stock subscriptions has been made by the corporation.

Interest is chargeable upon a loan of cash by a corporation to a stockholder, although there may be in the corporate treasury at the time funds in the nature of undeclared dividends more than enough to offset the sum due upon the loan.

26—18 WASH.

Where a by-law of a corporation provides for an eight per cent. dividend payable annually on preferred stock, and that the net profits remaining should be applied as a dividend on the common stock, such by-law has the effect of a contract, and in an action between the corporation and a common stockholder, the court is warranted in falsifying and surcharging the accounts of the corporation in order to properly arrive at what should be treated as among the net profits.

Appeal from Superior Court, King County.—Hon. Richard Osborn, Judge. Affirmed.

*Strudwick & Peters*, for appellant.

*Donworth & Howe*, for respondent:

Where a contract for the payment of money stipulates for no interest, if interest can be recovered it is only by way of damages. If A makes his note to B payable one year after date, and at maturity fails to pay it, A can recover damages for the use of the money after maturity of the note, viz: such interest as the law allows as compensation for the use of the money, but such sum is not recoverable as a matter of contract, for no such contract was made. It is recoverable for the continued breach of the contract, in such amount as the law prescribes shall be compensatory damages for being deprived of the use of the money. *Stewart v. Barnes*, 153 U. S. 456; *Morley v. Lake Shore & M. S. Ry. Co.*, 146 U. S. 162; *Brewster v. Wakefield*, 22 How. 118; *Loudon v. Taxing District*, 104 U. S. 771. Where interest, if recoverable, can be recovered only by way of damages, no action can be maintained after the payment of the principal. *Tillotson v. Preston*, 3 Johns. 229; *Stewart v. Barnes, supra.*

Appellant sought by its complaint to open an account because of mistake. Respondent admitted mistake in the amount and alleged additional errors. The power of a court of equity was invoked to correct the mistake, and it is

a general principle of equity jurisprudence that when a court of equity takes hold of an account in order to correct mistakes therein, it will correct all mistakes. Beach, Modern Equity Jurisprudence, §§ 842, 821, 863.

Where a dividend is payable from net profits, it is proper to include among the items making up the dividend fund accounts which are due and payable, but not collected at the date of declaring the dividend. *Van Dyck v. McQuade*, 86 N. Y. 38; *In re Mercantile Co.*, L. R. 4 Ch. App. 475; *Mills v. Northern Railway*, L. R. 5 Ch. App. 621.

The opinion of the court was delivered by

REAVIS, J.—Plaintiff (appellant here) is a corporation organized under the laws of this state in the year 1890. The business it did was chiefly the purchase of unimproved lands within and near the city of Seattle, the erection thereon of residences, and their sale at an advanced price. Usually part of the purchase money was paid in cash, and the remainder, an amount equal to about fifty per cent. of the value of the property, was secured by a first mortgage, and the residue by a second mortgage upon the property. The first mortgages were mostly sold by the plaintiff to others with its guarantee. Its capital stock was originally $125,000, but afterwards this was increased to $500,000. From the organization of the corporation up to the 8th day of January, 1895, the defendant was the president and general manager, having chief charge and control and immediate supervision of its officers, records, and all of its affairs. The by-laws of the corporation divided the stock into two classes, preferred and common. Four-fifths of the shares were made preferred stock and one-fifth common stock. The by-laws also provided, relative to dividends, that before any dividend could be paid on the common stock there should be a dividend of 8 per cent. per annum

payable upon the preferred stock, to be paid out of the net earnings of the company, and in case the net earnings of the company were not sufficient in any one year to pay such dividend of 8 per cent. on the preferred stock, then such dividend should be payable out of the net earnings of the company as soon as such earnings were sufficient to provide for the payment of the same, and in no case should a dividend be payable except at the date fixed by the company for such payment; after the payment of dividends upon the preferred stock the net profits remaining should be paid as dividends upon the common stock, whenever a majority of the shareholders of common stock should so demand. The defendant was the owner of twenty-four twenty-fifths of the common stock. On the 17th of September, 1891, the defendant, acting in his capacity as general manager of the plaintiff, loaned to himself $2,500 and executed and delivered to the plaintiff his promissory note. On the 1st day of July, 1893, the note was canceled by the bookkeeper of plaintiff on receipt by plaintiff of the sum of $2,500 paid by defendant out of a dividend declared by plaintiff on its common stock. The minute book of the plaintiff showed no action on the part of the board of trustees of the plaintiff corporation relating either to the loan of the money, the making of the note or its cancellation, but the proper entries were made in the books of account of the plaintiff corporation, and there was no effort to conceal any of the facts connected with the transaction. At the time of the loan of the $2,500 when the note was made, and during the existence of the note, there was in the treasury of the plaintiff, after the payment of all expenses of plaintiff and an annual dividend of 8 per cent. on the entire preferred stock for each year, net profits, twenty-four twenty-fifths of which amount at all times exceeded the sum of $3,000. On the first day of July, 1893,

the board of trustees of plaintiff declared a dividend on the common stock of the corporation—after payment of its expenses of each year excepting certain items of expense amounting to $952.84, which amount was afterwards paid by the plaintiff, and after having declared and paid on the 1st of January in each year since the organization of the company to every holder of its preferred stock an annual dividend of 8 per cent.—of 96 per cent. of the par value thereof. The dividend was intended to be the entire net profit of said company earned up to the 1st day of January, 1893, after payment of 8 per cent. annual dividend to the holders of its preferred stock. On the 30th day of December, 1890, the respondent executed his promissory note in the sum of $10,000, and delivered the same to the plaintiff in payment of his stock subscription, payable one year thereafter. No interest was provided for in the note and none was paid, and the note was not paid until June 30, 1893. The defendant, being still president and manager of the company, canceled the note, giving the appellant credit to the amount of $10,000 upon the dividend then declared upon his common stock.

The defendant demurred to the cause of action for interest based upon the execution and delivery of the note for $10,000 by defendant to plaintiff. The demurrer was sustained by the superior court.

Without reviewing the contention of appellant upon the claim for interest, we think the demurrer was properly sustained. No provision was made in the note for interest. Defendant did not agree to pay any in his contract. Interest, therefore, could only be recoverable upon the theory that it was damages for the retention of money due plaintiff from defendant. The record does not disclose any call for payment of defendant's subscription to the capital stock of the company or any call made for the payment of sub-

scriptions to any of the capital stock of the company. Such subscriptions were therefore not demanded by the company until a call had been made by its trustees, as no provision existed in the by-laws determining the time for the payment of subscriptions. There was, therefore, no interest due from defendant on account of his subscription to the capital stock.

The superior court allowed plaintiff interest at the legal rate upon the note for $2,500. This was correct. The defendant received this amount in money from the company and rightfully interest was due thereon until it was repaid. We see no error in the falsification and surcharging of the account allowed by the superior court. We view the by-law relative to dividends as in effect appropriating the net proceeds arising from the company's business. Eight per cent. was payable to the preferred stockholders, and a dividend was payable at the date fixed by the company. After such date was fixed and the 8 per cent., due annually, paid to the preferred stockholders, the net profits remaining were devoted to the common stockholders. This by-law had the force and effect of a contract, and we see no good reason why it should not be given its full effect.

With these observations, which are decisive of the case, we see no reason to disturb the judgment of the superior court.

Affirmed.

SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.