[No. 23318. Department One. October 22, 1931.]

GEORGE S. FORD, *Appellant,* v. PENINSULA LIGHT COMPANY, *Respondent.*[1]

*Wm. H. Pratt,* for appellant.
*Homer T. Bone,* for respondent.

HERMAN, J.—Plaintiff brought this action to recover from defendant the cost of an electrical transmission line that was built by defendant. Defendant is a non-profit making co-operative institution organized under the laws of this state, which transmits electrical power and light to its members, who occupy, in this instance, the position of stockholders in the defendant corporation. Plaintiff made no application for membership in the defendant until 1928, about three years after it was formed.

Plaintiff is a farmer who cultivates two tracts of forty acres each, which are not adjacent, upon both of

[1]Reported in 4 P. (2d) 504.

which he requires electrical service. His home is so located that it could not be readily served by the first transmission lines of the company. When organized originally, the defendant had no money. It had members, each of whom were required to pay an initiation fee of one hundred dollars, which was used for the purpose of building its transmission lines.

During the summer of 1930, plaintiff discovered that the defendant company was repaying members for the transformers, and was making money. Conceiving the idea that he should be repaid the cost of his transmission line and for the transformers used by him, he brought suit based upon a complaint containing two causes of action, the first being to recover the cost of the transmission line, and the second to recover the cost of the transformers. At the trial of the case, it became apparent that the company was rapidly repurchasing the transformers from its customers in the order of their acquisition, and that the plaintiff would be reached in regular order. The defendant thereupon, without objection from plaintiff, made a motion for the dismissal of the second cause of action, which was granted. Judgment was entered for defendant upon the first cause of action, from which plaintiff appealed.

Respondent had a set of by-laws which, among others, contained the following provisions:

"Article VII, sec. 4: It is declared to be the policy of this corporation to repay to the builders of such private main or primary transmission line from the surplus funds of this corporation, the cost of said main or primary transmission line so built at private expense. Such repayment shall be made as rapidly as the finances of this corporation will permit, subject always to the judgment and discretion of the board of trustees."

"Article IX: Transformers to reduce the voltage from any main or primary transmission line so as to make it available for service over any lateral line to

any member or subscriber, shall be provided by the member or subscriber at his own expense. If the financial condition of the corporation shall justify the said expenditure, the board of trustees may, at their discretion so far as the said finances will permit, later reimburse members wholly or in part, for such transformers: Provided, however, that such reimbursements shall only be made after payment (if any can be made) of the cost of said main or primary transmission lines erected at the private expense of members, as provided in section 4 of article VII.''

The principal question is whether or not, under the portions of the by-laws of the company above set forth, it was the duty of the company to repay to appellant the expense of constructing the transmission line for which he had advanced the cost of construction.

*Seattle Trust Co. v. Pitner,* 18 Wash. 401, 51 Pac. 1048, and *Child v. Idaho Hewer Mines,* 155 Wash. 280, 284 Pac. 80, are cited by appellant. These cases announce the rule that the by-laws constitute a contract between the stockholder and the corporation. The case of *Farrier v. Ritzville Warehouse Co.,* 116 Wash. 522, 199 Pac. 984, holds:

''The matter is entirely for the minority stockholder's determination as to whether he is willing to allow the vested right which he has acquired under the original by-law to be taken from him, . . .''

Those cases are distinguishable from the case at bar.

The respondent is a corporation organized as a nonprofit making co-operative institution. The membership fee was one hundred dollars. A careful consideration of the testimony in the case persuades this court that, in order to obtain membership in this cooperative institution, the appellant waived the benefits of the portions of the by-laws before referred to, by specifically agreeing to advance the cost of his trans-

mission line and agreeing to wait for reimbursement until such time as the one hundred dollar membership fees of new members, who came into the association on the line financed by appellant, would repay him for the costs advanced for building the line to his place.

The respondent was within its rights in making such an agreement a condition precedent to extending membership to appellant. Membership in this mutual company was not a matter of right. The trustees could refuse to tie up the money of the members in a line which would serve appellant but prove unprofitable to respondent's members. This they did until appellant agreed to advance the costs of his line and to wait for reimbursement until forthcoming from the fees of new members who might come in and be served over his extension line.

Under the circumstances disclosed by the evidence in this case, it cannot be held that the by-laws of this corporation vested in appellant a right to be repaid the cost of constructing the transmission line to his place as rapidly as the finances of this corporation will permit. The price to appellant of membership in the organization was a specific oral agreement at variance with the provisions of the by-laws in addition to one hundred dollars charged other members. It was not an illegal condition precedent to membership on the part of respondent, and appellant is bound by his acceptance.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.